Su Ki Kim, Esq. State Bar Number: 242573
HANUL PROFESSIONAL LAW CORP.
2677 North Main Street, Suite #1070
Santa Ana, California 92705
Telephone (714) 347-0008
Facsimile (714) 347-0088

Attorney for Plaintiff,
HAN JOON KIM, et al.

FILED
CLERK, U.S. DISTRICT COURT
MAY - 9 2011
CENTRAL DISTRICT OF CALIFORNIA
BY            DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAN JOON KIM, an individual; SOON HEE HAN, an individual; NA YEON KIM, an individual; SUNG JAE KIM, an individual; SUNG HO KIM, an individual<br><br>Plaintiffs,<br><br>vs.<br><br>JANET NAPOLITANO, Secretary of the Department of Homeland Security; ALEJANDRO MAYORKAS, Director of U.S. Citizenship and Immigration Services; JANE ARELLANO, Los Angeles District Director, U.S. Citizenship and Immigration Services;<br><br>Defendants. | CASE NO.: CV10-10000 PA (ARGx)<br><br>FIRST AMENDED COMPLAINT FOR WRIT IN THE NATURE OF MANDAMUS & DECLARATORY JUDGMENT |

COME NOW, PLAINTIFFS, SOON HEE HAN, NA YEON KIM, SUNG JAE KIM, SUNG HO KIM, AND FOR CAUSES OF ACTION WOULD SHOW UNTO THE COURT THE FOLLOWING:

## PRELIMINERY STATEMENT

1. This action is brought for a hearing against the Defendants to compel action on the clearly delayed processing of the Removal of Conditions on Plaintiffs' conditional Permanent Residency status. All necessary documents as well as corresponding interviews have been completed successfully. The decision to grant removal of conditions in the Plaintiffs' conditional Permanent Residency still remains within the jurisdiction of the Defendants, who have unreasonably delayed processing the Plaintiffs' case.

## PARTIES

2. HAN JOON KIM (hereinafter "KIM" or "Mr. KIM"), was a conditional permanent resident of the United States. On or about March 13, 2006, Mr. KIM obtained his green card based on the I-526 Immigrant Petition by Alien Entrepreneur (or EB-5) which made him a conditional permanent resident of the United States. The said petition was filed on or about June 15, 2005 and was approved on June 23, 2005. Mr. KIM has submitted his I-829 Petition with any and all necessary documentation to remove the conditional part of his permanent residency on March 26, 2008. On May 7, 2008, MR. KIM passed away and is no longer able to continue as the principal Petitioner in the subject EB-5 Investor Visa Program. Because of the above mentioned fact, HAN JOON KIM's wife, SOON HEE HAN, will take place as principal Petitioner of previously filed petitions and the primary Plaintiff of this civil case.

3. Plaintiff, SOON HEE HAN, is HAN JOON KIM's wife and became a conditional permanent resident of the United States when HAN JOON KIM's I-526 Immigrant Petition by Alien Entrepreneur was approved by the USCIS. The said petition was filed on or about June 15, 2005 and was approved on June 23, 2005. On or about March 26, 2008, the original

FIRST AMENDED COMPLAINT FOR WRIT IN THE NATURE OF MANDAMUS & DECLARATORY JUDGMENT

principal Petitioner, HAN JOON KIM, submitted his I-829 Petition along with any and all necessary documentation to remove the conditional part of his permanent residency. Since then, HAN JOON KIM passed away on May 7, 2008 and SOON HEE HAN and their children have been patiently awaiting further processing of the application to receive permanent residency in the United State. To this date, Defendants have failed to approve, deny, and or further adjudicate the petition of the Plaintiff.

4. Plaintiff, NA YEON KIM, is SOON HEE HAN's daughter and became a conditional permanent resident of the United States when SOON HEE HAN's I-526 Immigrant Petition was approved by the USCIS alongside with her husband, HAN JOON KIM's original I-526 Immigrant Petition by Alien Entrepreneur. The said petition was filed on or about June 15, 2005 and was approved on June 23, 2005. On or about March 26, 2008, the original principal Petitioner, HAN JOON KIM, submitted his I-829 Petition along with any and all necessary documentation to remove the conditional part of his permanent residency. Since then, Plaintiff has been patiently awaiting further processing of the application to receive permanent residency in the United State. To this date, Defendants have failed to approve, deny, and or further adjudicate the petition of the Plaintiff.

5. Plaintiff, SUNG JAE KIM, is SOON HEE HAN's son and became a conditional permanent resident of the United States when SOON HEE HAN's I-526 Immigrant Petition was approved by the USCIS alongside with her husband, HAN JOON KIM's original I-526 Immigrant Petition by Alien Entrepreneur. The said petition was filed on or about June 15, 2005 and was approved on June 23, 2005. On or about March 26, 2008, the original principal Petitioner, HAN JOON KIM, submitted his I-829 Petition along with any and all necessary documentation to remove the conditional part of his permanent residency. Since

FIRST AMENDED COMPLAINT FOR WRIT IN THE NATURE OF MANDAMUS & DECLARATORY JUDGMENT

then, Plaintiff has been patiently awaiting further processing of the application to receive permanent residency in the United State. To this date, Defendants have failed to approve, deny, and or further adjudicate the petition of the Plaintiff.

6. Plaintiff, SUNG HO KIM, is SOON HEE HAN's son and became a conditional permanent resident of the United States when SOON HEE HAN's I-526 Immigrant Petition was approved by the USCIS alongside with her husband, HAN JOON KIM's original I-526 Immigrant Petition by Alien Entrepreneur. The said petition was filed on or about June 15, 2005 and was approved on June 23, 2005. On or about March 26, 2008, the original principal Petitioner, HAN JOON KIM, submitted his I-829 Petition along with any and all necessary documentation to remove the conditional part of his permanent residency. Since then, Plaintiff has been patiently awaiting further processing of the application to receive permanent residency in the United State. To this date, Defendants have failed to approve, deny, and or further adjudicate the petition of the Plaintiff.

7. Defendant, JANET NAPOLITANO is the Secretary of the Department of Homeland Security ("DHS"), and this action is brought against him in this official capacity. He is generally charged with enforcement of the Immigration and Nationality Act, and is further authorized to delegate such powers and authority to subordinate employees of the DHS. 8 U.S.C. §1103(a); 8 C.F.R. §2.1.

8. Defendant, ALEJANDRO MAYORKAS is the Director of the United States Citizenship and Immigration Service ("USCIS"), an agency within the DHS to whom the Secretary's authority has in part been delegated and is subject to the Secretary's supervision. Defendants Director is generally charged with the overall administration of benefits and immigration services. 8 C.F.R. §100.2(a).

FIRST AMENDED COMPLAINT FOR WRIT IN THE NATURE OF MANDAMUS & DECLARATORY JUDGMENT

9. Defendant, JANE ARELLANO, Los Angeles District Director, is an official of the USCIS generally charged with supervisory authority over all operations of the USCIS within her District with certain specific exceptions not relevant here. 8 C.F.R. §100.2(d)(2)(ii).

## JURISDICTION

10. Jurisdiction in this case is proper under 28 U.S.C. §§1331 and 1361, 5 U.S.C. §701 and 28 U.S.C. §2201. Relief is requested pursuant to said statutes.

## VENUE

11. Venue is proper in this Court, pursuant to 28 U.S.C. §1391(e), in that this is an action against officers and agencies of the United States in their official capacities..

## EXHAUSTION OF REMEDIES

12. The Plaintiffs have exhausted their administrative remedies. The Plaintiffs have supplied the USCIS with documents that clearly establish their eligibility as Alien Entrepreneurs and have provided any and all necessary information for the Defendants to approve Plaintiffs' petition to successfully remove their conditions.

## IMMIGRANT INVESTOR PROGRAM

13. The Immigrations and Naturalization Act ("INA") of 1990, Section 203(b)(5), 8 U.S.C. §1153(b)(5), created a new preference allocation of visas ("EB-5 visas") for immigrants who have invested, or are in the process of investing, a designated amount of lawfully obtained capital in commercial enterprises, and can demonstrate the investment will create, or save,

FIRST AMENDED COMPLAINT FOR WRIT IN THE NATURE OF MANDAMUS & DECLARATORY JUDGMENT

ten (10) or more jobs for qualified United States workers. Under this "Immigrant Investor Law," qualified immigrant investors may obtain lawful permanent residence in the United States for themselves and their dependents.

14. The law is intended to attract foreign capital: encourage economic development, especially in economically depressed regions or rural areas in the United States, promote job creation or job retention, and generally benefit the economy and labor market of the United States.

15. The law made 10,000 immigrant visas available for qualified foreign nationals who invest in a "commercial enterprise" and create employment. To qualify, the foreign national must invest or be actively in the process of investing one (1) million dollars. When the investment is made in a rural area, such in the instant case, or in a "targeted employment area"(that is, an area of unemployment substantially higher than the national average), the amount is reduced to $500,000.00. The foreign national must also demonstrate that the investment creates full-time employment for no fewer than ten (10) U.S. workers. INA § 203(b)(5), 8 U.S.C. § 1153(b)(5).

16. Full time employment is defined as "employment in a position that requires at least [thirty five] (35) hours of service per week at any time, regardless of who fills the position." INA §203(b)(5)(D), 8 U.S.C. §1153(b)(5)(D).

17. On October 6, 1992, Congress established the Pilot Program, a sub-program of the Immigrant Investor Program. The Pilot Program amended the Immigrant Investor Law in order to encourage immigrants to pool their capital and invest in "regional centers." "Regional centers" are entities organized "for the promotion of economic growth, including increased export sales, improved regional productivity, job creation, and increased domestic capital

FIRST AMENDED COMPLAINT FOR WRIT IN THE NATURE OF MANDAMUS & DECLARATORY JUDGMENT

investment." Section 610, Department of Justice and Related Agencies Appropriations Act, 1993, Pub. L. 102-395, 106 Stat. 1828, 1874 ("1993 Appropriations Act").

18. A "regional center" is "any economic unit, public or private, which is involved with the promotion of economic growth, including increased export sales, improved regional productivity, job creation, and increased domestic capital investment." 8 C.F.R. § 204.6(e). For purposes of the Pilot Program, the Service designates regional centers.

19. Under the Pilot Program, the requirement in the Immigration Investment Program that each individual investment create ten jobs for qualifying individuals was expressly relaxed. The Immigrant Pilot Program allows immigrant investors, who invest in a regional center, to demonstrate "indirect" as well as direct (or a combination of both) job creation as a result of their investment.

20. On August 24, 1993, the Service promulgated its Interim Rule governing the Immigrant Investor Pilot Program. 59 Fed. Reg. 44606. The Service's Interim Rule provides that, in lieu of strict adherence to the "10 jobs created" requirement in the original immigrant investor program, "reasonable methodologies" could be used to estimate the number of jobs created indirectly by investment in a regional center. These methodologies may include multiplier tables, feasibility studies, analyses of foreign and domestic markets for the goods and services to be exported, and "other economically or statistically valid forecasting devices which indicate the likelihood that the business will result in increased employment." 8 C.F.R. § 204.6(m)(3)(v).

21. The Service's final rule implementing the Pilot Program was published on April 15, 1994. 59 Fed. Reg. 17920. No substantive changes were made to the Interim Rule, but in responding to comments on it, the Service noted that the legislative history of Section 610 of

Page 7

FIRST AMENDED COMPLAINT FOR WRIT IN THE NATURE OF MANDAMUS & DECLARATORY JUDGMENT

the 1993 Appropriations Act "indicates that Congress intended to determine the viability of pooling investments in specific regions of the United States." Id. (citing S. Rep. No. 918, 102 Cong., 2d Sess. (1992)).

## THE PETITION PROCESS

22. To obtain lawful permanent residence under the Immigrant Investor Law, an immigrant entrepreneur must first file an I-526 petition setting forth information about the investor and the qualifying investment. 8 C.F.R. § 204.6(a). The I-526 petition must be filed with the USCIS Service Center having jurisdiction over the area in which the new commercial enterprise is or will be principally doing business, 8 C.F.R. § 204.6(b), but all EB-5 petitions are now adjudicated by the California Service Center located within this District.

23. The I-526 petition must be accompanied by evidence that the alien has invested, or is actively in the process of investing, lawfully obtained capital, in a new commercial enterprise in the United States that will create full-time positions for no fewer than 10 qualifying employees.

24. In the case of a petition submitted under the Immigrant Investor Pilot Program, a petition must be accompanied by evidence that the immigrant investor has invested, or is actively in the process of investing, capital obtained through lawful means within a regional center designated by the Service, and that the petitioner has placed the required amount of capital at risk for the purpose of generating a return. A petition under the Pilot Program must be accompanied by evidence that the investment will create 10 full-time positions either directly or indirectly through revenues generated from increased exports or other forms of business resulting from the Pilot Program.

FIRST AMENDED COMPLAINT FOR WRIT IN THE NATURE OF MANDAMUS & DECLARATORY JUDGMENT

25. The USCIS Service Center thereafter adjudicates the I-526 petition. Defendants' regulations at 8 C.F.R. §204.6 interpret the law and provide the definitions for deciding a Form I-526, Immigrant Petition by Alien Entrepreneur. If the Service determines the immigrant investor has met the requirements of INA § 203(b)(5), the petition is approved and a Notice of Approval is sent to the immigrant investor. The immigrant investor and his dependents then obtain conditional lawful permanent resident status either by visa processing at a State Department consular post or through adjustment of status in the United States by USCIS. Upon entering the United States or completion of the adjustment of status process, the immigrant investor and his or her dependents are admitted for permanent residence on a conditional basis. Thereafter, and within the 90-day period before the second anniversary of the investor's lawful admission for permanent residence, the immigrant investor must file USCIS Form I-829 to have his or her conditional resident status removed and lawful permanent residence granted.

26. The adjudication of the I-829 by the Service is not a re-adjudication of the underlying investment. According to the current version of INA §§ 216A(c)(3)(A) and (d)(1), 8 U.S.C. §§ 1186b(c)(3)(A) and (d)(1), the USCIS is not permitted to re-adjudicate the facts of the underlying I-526 petition when adjudicating the I-829, but merely verify that the investor has invested or is actively investing the requisite capital and that the investment has been sustained in compliance with the requirements of the statute. An I-829 petition must be accompanied by evidence that (1) the investor invested or is actively in the process of investing the requisite capital in the qualifying enterprise; and (2) the investor has in good faith sustained those actions throughout the two-year period of the alien's residency in the United States. The USCIS has stated that the requirement that the immigrant investor has

FIRST AMENDED COMPLAINT FOR WRIT IN THE NATURE OF MANDAMUS & DECLARATORY JUDGMENT

sustained his investment during the two years will be considered "flexibly." The documentary requirements for the I-829 are minimal according to the USCIS's own guidelines because similar, substantial documentation is presented at the first (I-526) stage of the process. The immigrant investor must also submit evidence that he created or can be expected to create 10 full-time jobs for qualifying employees. If the investment is in a regional center, the employment creation aspect may be met through indirect as well as direct employment. If the immigrant investor properly demonstrates the I-829 requirements, his conditional status is to be removed and he will become a lawful permanent resident of the United States. The decision on the I-829 petition must be made by the USCIS within 90 days of the date of filing the petition or within 90 days of an interview, unless the interview is waived by the USCIS, whichever is later. Defendant's regulations at 8 C.F.R. §216.6 establish the requirements for alien entrepreneurs to remove the conditional basis of the lawful permanent resident status by filing Form I-829, Petition by Entrepreneur to Remove Conditions.

## THE PLAINTIFF-INVESTOR'S APPLICATION
## AND THE DEFENDANTS' RESPONSE

**HAN JOON KIM**

27. Mr. KIM, was a successful businessman in Korea. He used his lawfully earned and acquired proceeds to purchase a 15% ownership interest in Global Dairy Limited Partnership, a South Dakota limited partnership entity located in Estelline, South Dakota. The dairy is located in the South Dakota Regional Center authorized and designated by the Defendant USCIS. The Plaintiff invested USD $600,000 each to the South Dakota Limited Partnership along with three (3) other EB-5 investor, JAE HOON CHA, SAHNG YEON KIM, and HOO JA PARK

FIRST AMENDED COMPLAINT FOR WRIT IN THE NATURE OF MANDAMUS & DECLARATORY JUDGMENT

(See **Exhibit 1**, Limited Partnership Agreement for Global Dairy Limited Partnership showing the four (4) limited partners).

28. In March 2005, Mr. KIM, as one of the four limited partners, executed a Limited Partnership Agreement to create Global Dairy Limited Partnership (Limited Partnership). The partnership agreement established that Sherman Dairy, LLP, a South Dakota limited liability company, would operate as the General Partner of the Limited Partnership. The partnership agreement also described the capital contribution requirement and ownership interest. The General Partner would contribute six hundred thousand dollars ($600,000) in exchange for a 40% ownership interest of the limited partnership (See **Exhibit 1**). The investment took place within the South Dakota Regional Center – South Dakota International Business Institute/Dairy Economic Development Region (SDIBI/DEDR hereafter).

29. Pursuant to the Limited Partnership Agreement, HAN JOON KIM entered into an escrow agreement on April 1, 2005, which authorized the disbursement of his six hundred thousand dollars ($600,000) capital contributions to the Limited Partnership after his I-526 application was approved and related lawful permanent resident status was granted (See **Exhibit 1**).

30. Defendants approved the Form I-526 on June 23, 2005. The approval established that the investment qualified under the EB-5 Immigrant Investor Pilot Program legislation and regulations. Plaintiffs and his family members then received EB-5 Immigrant Visa through the U.S. Consulate's Office in Korea, and based on the approval of I-526, Defendants granted Plaintiffs conditional permanent resident status on March 13, 2006 (See **Exhibit 2**, Copies of Permanent Resident Cards for Plaintiffs).

31. Based on approvals of the Form I-526 and the conditional lawful permanent residence status for the Plaintiff and his family, the amount of six hundred thousand dollars ($600,000) in a

FIRST AMENDED COMPLAINT FOR WRIT IN THE NATURE OF MANDAMUS & DECLARATORY JUDGMENT

form of investment was wire transferred on April 28, 2006, pursuant to the escrow agreement, from Mr. KIM's Escrow Account to the business account of the Limited Partnership. The General Manager subsequently utilized the fund to purchase land, construct the dairy facility, and operate the dairy, in reliance on (1) the approval of Form I-526; (2) the grant of conditional permanent resident status for the KIM family; and (3) Defendants' rule, interpretations, and procedures concerning the EB-5 visa category.

32. Construction of the facility began in December 2005 and was completed in December 2006, at which point the Limited Partnership began its operation. Over the next two years, the Limited Partnership continued to generate profit and created seventeen (17) full-time positions for qualifying employees. On March 6, 2008, the Plaintiffs timely filed a Form I-829, Petition by Entrepreneur to Remove Condition. Mr. KIM's I-829s contained proof that his EB-5 investment fund of USD $600,000 was invested in Global Dairy Limited Partnership, and that the dairy farm was created and was operating (See **Exhibit 3**, Verification of Inclusion of a Defendant in Filing of Form I-829 for all four (4) beneficiaries). He also documented that he had created more than ten (10) jobs, as described in the I-526 comprehensive business plan and the approved job methodology established by SDIBI/DEDR.

33. The economic multipliers for the regional center is specified in pages 27 ~ 29 of the approved amended narratives of the SDIBI/DEDR and utilizing the RIMS II multipliers from the Bureau of Economic Analysis, the employment multiplier is calculated to 2.26 for SDIBI/DEDR. This 2.26 factor was clearly specified on the Regional Center Approval letter from USCIS dates April 8, 2004 and reiterated on amendment approval letter dated Dec. 12, 2006.

FIRST AMENDED COMPLAINT FOR WRIT IN THE NATURE OF MANDAMUS & DECLARATORY JUDGMENT

34. Therefore, in order to meet the employment creation requirement for 3 investors of Global Dairy Limited Partnership, the partnership must create 30 direct-indirect employments. Here, given the 2.26 RIMS II final demand direct-effect multiplier, every 1 (one) employment creation equals 2.26 indirect creation of jobs. Therefore, even on a very conservative approach of only applying indirect factors to actual job creation of 17, specified below, equals 38.42 (17 x 2.26 = 38.42). If we were to apply the liberal approach of adding additional 17 jobs of direct hiring into this formula equals total of 55.42 (17 + 38.42 = 55.42) total jobs, more than sufficient to satisfy the 30 job creation required for 3 investors of Global Dairy Limited Partnership, or 10 job creation required for the Petitioner, HAN JOON KIM.

35. Defendant, USCIS, issued a Request for Evidence ("RFE") requesting additional documentation and information regarding the creation of requisite number of jobs on various occasions from the Plaintiffs. There were two RFEs issued out to Mr. KIM; first RFE was issued on May 2, 2009, which was timely responded on May 29, 2009, and second RFE was issued on March 9, 2010, which was also timely responded on May 25, 2010 (See **Exhibit 4**, Two (2) Requests for Evidence for HAN JOON KIM and copies of the first pages of responses). Plaintiff's Responses to the above-mentioned RFE providing relevant information and documentation to properly show the creation of requisite employment.

36. To date, the Defendants USCIS has not responded to the Plaintiff's Response to Request for Evidence.

37. The original principal Plaintiff, HAN JOON KIM, is now deceased and will no longer be able to continue as the principal petitioner of the subject EB-5 Immigrant Visa Program nor this civil case. 8 C.F.R 216.6(c)(1)(iii)(6) states that "if an entrepreneur dies during the

Page 13

FIRST AMENDED COMPLAINT FOR WRIT IN THE NATURE OF MANDAMUS & DECLARATORY JUDGMENT

prescribed two-year period of conditional permanent residence, spouse and children of the entrepreneur will be eligible for removal of conditions if it can be demonstrated that the conditions set forth in paragraph (a)(4) of this section have been met." Based on this clause, Mr. KIM's wife, SOON HEE HAN, will now act as the principal Petitioner of the above-mentioned petitions and lead Plaintiff in this civil case.

## CAUSE OF ACTION

38. The Plaintiffs have provided sufficient evidence and information in their attempt to remove the conditions on their conditional residence status.

39. Out of total of four (4) EB-5 investors who have invested USD $600,000 in Global Dairy Limited Partnership, two (2) EB-5 investor, SAHNG YEON KIM filed his I-829 Petition to Remove Conditions on April 8, 2008, and USCIS has adjudicated and approved his I-829 Petition in a timely manner on October 17, 2008, and JAE HOON CHA filed his I-829 Petition to Remove Conditions on May 23, 2008, and USCIS has adjudicated and approved his I-829 Petition in a timely manner on January 9, 2009 (See **Exhibit 5**, Approval notices for Form I-829 for two (2) other EB-5 investors for Global Dairy, SAHNG YEON KIM and JAE HOON CHA).

40. All four (4) EB-5 investors, HAN JOON KIM (decedent), SAHNG YEON KIM, JAE HOON CHA, and HOO JA PARK, have invested the same exact amount into the same exact project. There were no discrepancies concerning the heads of dairy cows retained, the number of employees, or product output.

41. The forms and documents submitted by SAHNG YEON KIM and JAE HOON CHA along with their Form I-829s contained identical forms and documents submitted by the original

FIRST AMENDED COMPLAINT FOR WRIT IN THE NATURE OF MANDAMUS & DECLARATORY JUDGMENT

principal Petitioner, Mr. KIM, to show that their EB-5 investments have met all the requirements mandated by 8 C.F.R. §216.6 to successfully remove the conditional basis of the lawful permanent resident status.

42. The Plaintiff, SOON HEE HAN, has sustained the actions required for the removal of conditions throughout her conditional residence, which was acquired through petitions of her husband and the original principal I-526 and I-829 Petitioner, Mr. KIM, to no less extent than did the approved EB-5 investors, SAHNG YEON KIM and JAE HOON CHA, whose I-829 Petitions have been approved by USCIS over twenty-five (25) months and twenty-three (23) months ago, respectively. The Plaintiff's petition stand on the identical legal and factual grounds as the other petitions of SAHNG YEON KIM and JAE HOON CHA, and merit as speedy adjudication and removal of conditions as with the approved investor's petition.

43. Further, the regulation at 8 C.F.R § 216.6 (c)(1) requires that the Defendants issue decision on the petition within 90 days of the date of filing. Over 950 days have passed since the Plaintiff, SOON HEE HAN, has filed her petition along with sufficient evidence and information to warrant the removal of conditions, yet all to no avail. Not only is the Defendants's failure to adjudicate the Plaintiffs' petitions inconsistent, it is also not in accordance with the law.

44. The Plaintiff and her family have been greatly damaged by the failure of the Defendants to act in accord with their duties under the law. The damages include but are not limited to the following:

   a. Plaintiffs, SOON HEE HAN, NA YEON KIM, SUNG JAE KIM, SUNG HO KIM, have suffered undue emotional stress caused by the excessive delay in the processing of their petition.

b. Plaintiffs, and each of them, have been under extreme duress and undue burdens due to the lack of adjudication by the Defendant, USCIS, being forced to extend their conditional resident status in the United States every year to be legally present in the United States.

c. Plaintiffs have accumulated undue legal costs due to the Defendants' unreasonable delay.

## PRAYER

64. WHEREFORE, in view of the arguments and authority noted herein, the Plaintiffs, SOON HEE HAN and her beneficiaries respectfully pray that the Defendants be cited to appear herein and that, upon due considerations, the Court enter an order:

a. Requiring Defendants to immediately and properly adjudicate Plaintiff's I-829s, Petition by Entrepreneur to Remove Conditions at once;

b. For Plaintiffs' cost and reasonable attorney's fees;

c. For other and further reliefs as the Court finds proper.

d. For other and further reliefs as the Court finds appropriate.

Dated: 5/4/2011

HANUL PROFESSIONAL LAW CORP.

BY: _____
Su Ki Kim, Esq.
Attorney for Plaintiffs

FIRST AMENDED COMPLAINT FOR WRIT IN THE NATURE OF MANDAMUS & DECLARATORY JUDGMENT

## LIST OF EXHIBITS

**Exhibit 1.** Limited Partnership Agreement for Global Dairy Limited Partnership showing the four (4) limited partners

**Exhibit 2.** Copies of Permanent Resident Cards for Plaintiffs

**Exhibit 3.** Verification of Inclusion of a Defendant in Filing of Form I-829 for all four (4) beneficiaries

**Exhibit 4.** Two (2) Requests for Evidence for HAN JOON KIM and copies of the first pages of responses

**Exhibit 5.** Approval notices for Form I-829 for two (2) other EB-5 investors for Global Dairy, SAHNG YEON KIM and JAE HOON CHA

FIRST AMENDED COMPLAINT FOR WRIT IN THE NATURE OF MANDAMUS & DECLARATORY JUDGMENT